**IN THE UNITED STATES COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ERAJ V. TENNEKOON | ) |
| CMR 415 Box 3298 | ) |
| APO AE 09114 | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| JOHN M. McHUGH | ) |
| Secretary of the Army | ) |
| 1400 Defense Pentagon | ) |
| Washington, D.C.  20301 | ) |
| | ) |
| *Defendant.* | ) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

**(APA Review of the Army Board for Correction of Military Records)**

### JURISDICTION AND VENUE

1.     This action seeks review of a decision of the Army Board for Correction of

Military Records (ABCMR), dated August 5, 2013, denying an application by Plaintiff to have

his military records corrected.  The ABCMR's decision is a final agency decision under the

Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq.  See also* 32 C.F.R. §

581.3(g)(2)(i)(A), "an ABCMR decision is final when it denies any application."

2.     The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

1331.  Plaintiff raises claims under the United States Constitution, federal statutes and

regulations, Department of Defense (DoD) and Department of the Army (DA) Regulations, DoD

Directives and Instructions, DA Directives, and procedures established and published by the

Army Review Boards Agency.

3.      The Acts of Congress upon which federal question jurisdiction rests are 10 U.S.C. § 1552, *et seq.*, which provides for a service member to apply to the ABCMR to correct errors and injustices, and the APA, 5 U.S.C. § 701 *et seq.*, which enables a federal court to review and reverse a decision of a Board for Correction of Military Records that is arbitrary, capricious, unsupported by evidence or otherwise contrary to law.  5 U.S.C. § 706.

4.      This Court has personal jurisdiction over the parties pursuant to 5 U.S.C. § 702.

5.      Venue lies pursuant to 5 U.S.C. § 703 and 28 U.S.C. § 1402(a)(2).

## PARTIES

6.      Plaintiff, Eraj V. Tennekoon, is a United States citizen and current active duty United States Army Captain who is now stationed with the Army in Grafenwoehr, Germany.

7.      Defendant, the Honorable John McHugh, is the Secretary of the Army and is the named Defendant in his official capacity as the head of the Department of the Army, pursuant to 10 U.S.C. § 3013.  Because he is the officer with final authority for correction of records within the Department of the Army, he is the proper Defendant for a cause of action under the APA. DoD Directive 1332.41, March 8, 2004, Certified Current as of April 23, 2007, Paragraph 4.2.

## STATUTE OF LIMITATIONS AND
## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8.      On August 23, 2010 Plaintiff submitted an application to the ABCMR requesting, asserting several discrete arguments and requesting various forms of relief.

9.      On November 3, 2011 the ABCMR issued a final decision denying Plaintiff's application.

10.     After a period of correspondence with ABCMR personnel, on November 5, 2012 Plaintiff submitted a memorandum to the ABCMR requesting relief.

11.     On August 5, 2013, in response to the November 5, 2012 memorandum, the ABCMR issued a final decision on what it construed as Plaintiff's "request for reconsideration."

12.     Plaintiff has exhausted all administrative remedies available to him.

13.     Pursuant to 28 U.S.C. § 2401(a), this type of claim must be filed within six years after the claim first accrues.

14.     Plaintiff's claims accrued on August 5, 2013, the date when the ABCMR issued a final decision denying Plaintiff's application.

15.     As this complaint is filed within six years of the date of the ABCMR decision, this action is timely.  *Lebrun v. England*, 212 F. Supp. 2d 5, 11 (D.D.C. 2002) ("[T]he right to obtain judicial review of a Board of Corrections' decision under the APA . . . accrues at the time of the final agency decision . . . rather than at the time when the underlying discharge . . . occurred.")

16.     The ABCMR issued a final decision on Plaintiff's initial application within the last six years; likewise, the reconsideration application was filed and decided within six years of the initial final decision.  This action, therefore, falls within the statute of limitations.

## FACTS

17.     On December 8, 2004 Plaintiff was appointed as a commissioned officer in the rank of second lieutenant.

18.     Plaintiff served in Iraq from March 2006 to July 2006.

19.     Plaintiff again served in Iraq from September 2007 to August 2008. He was awarded a Bronze Star Medal for his "exceptionally meritorious service".

20.     Plaintiff was promoted to the rank of Captain on February 1, 2008.

21.     In early August of 2008, Plaintiff was on leave from his deployed location (Iraq)

and was home with his family in base housing at Fort Drum, New York.  Following an alleged

incident involving his wife at home, Plaintiff was apprehended by military authorities on August

4, 2008.

22.     As a result of this alleged incident, Plaintiff was apprehended, immediately re-

assigned to a rear detachment unit and placed in pre-trial confinement based on the allegations.

23.     As a result of Plaintiff's pre-trial confinement, he was unable to return to Iraq and

rejoin his unit.

24.     On October 2, 2008, Plaintiff was given a Relief for Cause Officer Evaluation

Report (OER) for the period January 26, 2008 through August 4, 2008. In this evaluation,

reviewers qualified Plaintiff's performance and potential for promotion as "Unsatisfactory

Performance, Do not Promote."  However, the rater commented that the Plaintiff "turned in a

solid performance as the Battalion Logistics Officer…" and the senior rater stated "[he]

performed his duties adequately as the Battalion S4."

25.     The reviewers explained their negative evaluation as "despite [his] strong job

performance, he failed to meet the standard we expect of officers . . . [his] off-duty behavior

severely impacted his ability to perform his duties as the Battalion S4 and he could not return to

Iraq and rejoin the unit."

26.     Plaintiff had been evaluated four times before the relief-for-cause OER.  All four

evaluations rated his performance as "Outstanding", his potential for promotion as a "Must

Promote" and included comments by his raters that spoke very highly of his performance and

potential for future service.

27.     The OER for the rating period August 5, 2008 through May 31, 2009 qualifies his

performance as "Outstanding" and his potential for promotion as "Must Promote".

28.     As a result of this August 4, 2008 alleged incident, Plaintiff faced a General Court

Martial on November 13, 2009. The charges included:

    A.    One specification of violating Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. 928 for allegedly assaulting his wife.

    B.    One specification of violating Article 134, UCMJ, 10 U.S.C. § 934 for allegedly endangering his daughter by allegedly assaulting his wife in her presence

    C.    One specification of violating Article 134, UCMJ, 10 U.S.C. § 934 for allegedly possessing an unregistered firearm in his base housing location in violation of New York Penal Law Section 265.01 (1).

29.    At a contested trial on November 13, 2009, where Plaintiff pled not guilty, he was acquitted of all charges and specifications. The General Court Martial Convening Authority further ordered that "the rights, privileges and property of which the accused has been deprived by virtue of these proceedings will be restored."

30.    The OER for the rating period June 1, 2009 through December 1, 2009 spoke highly of Plaintiff's performance and potential for future service.

31.    On August 23, 2010, Plaintiff appealed the Army Special Review Board (ASRB), requesting the removal of the relief-for-cause OER based on substantive inaccuracy and because if the OER was not removed, it would negatively and unfairly impact his future Army career.

32.    He argued that the relief-for-cause OER was unjust because it was based on pending allegations that he was ultimately acquitted of at a general court-martial.  He stated that removal of the contested OER serves the interest of justice.

33.    Plaintiff stated that the convening authority's action following the court-martial directed "the rights, privileges and property of which the accused has been deprived of by virtue of these proceedings will be restored."  He contended that this action includes the removal of the relief-for-cause OER.

34.    Plaintiff asserted that he did not ask to be removed from his position in the deployed location, one of the reasons why he was given the relief-for-cause OER.

35.    Plaintiff also reasoned that all evaluations prior to the relief-for-cause OER and the one immediately after the OER consistently showed high marks.   He stated that he had not had any negative administrative or disciplinary action before or after the incident. He contended that because of these positive evaluations, he was and would continue to be an asset to the U.S. Army.

36.    The ASRB denied his application on April 7, 2011.

37.    On July 19, 2011, Plaintiff, through counsel, submitted an application to the ABCMR for correction of his military records, requesting the removal of the relief-for-cause OER.

38.    Plaintiff argued that he did not ask to be removed from his position in the deployed location, one of the reasons why he was given the relief-for-cause OER.

39.    Plaintiff's application incorporated the arguments contained in his August 2010 OER appeal to the ASRB.

40.    On November 3, 2011 Plaintiff was informed by letter that the ABCMR had denied his application.

41.    In its "Record of Proceedings" dated November 3, 2011, the ABCMR stated that there was evidence that showed that Plaintiff's unbecoming conduct during the domestic dispute led to him not being able to perform his duties.  The decision also stated that although the Plaintiff was acquitted of all charges, the fact remained that at the time the report was rendered, his senior rater objectively opined that he exhibited extremely poor judgment that led to the domestic dispute and the subsequent charges.

42.    After failing to discuss the evidence that showed that Plaintiff's allegedly unbecoming conduct caused his inability to perform his duties, the ABCMR concluded that there was insufficient evidence provided by the Plaintiff to support any of the issues raised.

43.     On November 5, 2012, Plaintiff wrote a 22-page memorandum wherein he requested reconsideration of the ABCMR's November 3, 2011 decision based on the presentation of new evidence and new argument.

44.     Plaintiff advanced a number of non-frivolous arguments for relief centered around Army Regulation 623-3, *Evaluation Reporting System* (Aug. 7, 2007).

45.     At the time Plaintiff's relief-for-cause OER was issued, a prior version of Army Regulation 623-3 controlled OER procedures.  The regulation has been revised at least twice since August 2007 and a newer version, effective as of March 31, 2014, contains very similar provisions that are assigned different paragraph numbers.

46.     In his request for reconsideration, Plaintiff presented written letters of support from both of the rating officials that provided the relief for cause OER.  Both raters state that had the acquittal occurred prior-to, or had the findings of the court-martial been available at the time of submitting the report, neither of them would have included these negative markings or comments in the Plaintiff's OER.

47.     Plaintiff also stated that had the charges not been filed against him, he would have returned to his unit and completed his assignment without being relieved for cause.

48.     On August 5, 2013, Plaintiff was informed by letter that the ABCMR has denied his request for reconsideration.

49.     The ABCMR still stated that at the time the OER was rendered, the raters objectively opined Plaintiff had exhibited extremely poor judgment during a domestic dispute that led to charges being preferred.

50.     The ABCMR recognized that both the rater and the senior rater now support Plaintiff's request to remove the relief for cause OER from his military records. However, the decision continued to state that neither rating official contends that Plaintiff would not still have

been relieved for cause due to his inability to perform his duty.

51.     The ABCMR concluded that the overall merits of Plaintiff's case are insufficient

as a basis to amend the November 3, 2011 decision.

## STATUTORY AND REGULATORY FRAMEWORK

52.     10 U.S.C. § 1552 provides for the correction of errors or removal of injustices in

the records of a current or former member of the military.  Upon timely application and

consideration, the statute provides:

> The Secretary of a military department may correct any military record . . . when
> the Secretary considers it necessary to correct an error or remove an injustice.
> Except as provided in paragraph (2), such corrections shall be made by the
> Secretary acting through boards of civilians of the executive part of the military
> department.

10 U.S.C. § 1552(a)(1).

53.     The ABCMR is established by the Secretary of the Army, and consists of

Department of the Army civilians who are appointed by the Secretary of the Army.  Three

members constitute a quorum.  32 C.F.R. § 581.3(c)(1).  The ABCMR is charged with the

responsibility of reviewing all matters that are properly before it to determine the existence of

error or injustice.  32 C.F.R. § 581.3(c)(2)(i).

54.     The ABCMR has significant power to grant relief, and may, for example, order

reinstatement and back pay.  *See, e.g., Chappell v. Wallace*, 462 U.S. 296, 303 (1983) (Board is

empowered under 10 U.S.C. § 1552 to order retroactive pay and promotion); 10 U.S.C. § 1552

(the Secretary of the Army, acting through a Board of Corrections, is empowered to pay claims

for lost pay, allowances, and other compensation as the result of a record correction.)

55.     The ABCMR has "an abiding moral sanction to determine, insofar as possible, the

true nature of an alleged injustice and to take steps to grant thorough and fitting relief."  *Yee v.*

*United States*, 512 F.2d 1383, 1387–88 (Ct. Cl. 1975).

56.     A Board for Corrections of Military Records acts in an arbitrary and capricious

manner under the Administrative Procedure Act (5 U.S.C. §701, *et seq*.) when either of the

following occurs: (1) the Board fails to consider in its written ruling any non-frivolous argument

raised by an applicant which may have affected the ultimate disposition of the application, or (2)

the Board fails to show in its written ruling that it has considered *all* of the evidence before it,

which requires the Board to explain why evidence that is contrary to its ultimate ruling was

disregarded or given lesser weight.  *See, e.g., Mudd v. Caldera*, 26 F. Supp. 2d 113, 120 (D.D.C.

1988); *Mozur v. Orr*, 600 F. Supp. 772, 782 (1985); *Beckham v. United States*, 392 F. 2d 619,

622 (1968); *Smith v. Dalton*, 927 F. Supp. 1, 5 (D.D.C. 1996); *Fuller v. Winter*, 538 F. Supp. 2d

179, 192 (2008); *Calloway v. Brownlee*, 366 F. Supp. 2d 43, 53 (2005); *Frizelle v. Slater*, 111

F.3d 172, 324 U.S. App. DC. 130 (1997).

# LEGAL CLAIMS

## Count I

**The ABCMR's decision was arbitrary, capricious, an abuse of discretion, unsupported by
substantial evidence, and contrary to law because the Board failed to consider non-
frivolous arguments raised in Plaintiff's application.**

57.     The allegations of the preceding paragraphs are incorporated by reference as if

fully set forth herein.

58.     The ABCMR's decision was arbitrary, capricious, an abuse of discretion,

unsupported by substantial evidence, and contrary to law because the Board failed to consider in

its written decision non-frivolous arguments raised in Plaintiff's application which may have

affected the ultimate disposition of the application.

59.     The Board was presented with but failed to consider Plaintiff's non-frivolous

argument under Army Reg. 623-3 para. 3-23 (now Army Reg. 623-3 para. 3-19) that the

statements made by the rater and the senior rater in the October 2008 OER regarding Plaintiff's ongoing investigation constituted unproven and derogatory information that was prohibited from being referenced.

60.     The Board was presented with but failed to consider Plaintiff's non-frivolous argument under Army Reg. 623-3 para. 3-23a (now Army Reg. 623-3 para 3-19a).  In the October 2008 OER, both the rater and the senior rater made references to the investigation that concerned Plaintiff at that time. The investigation had not been completed at the time of the comments were made and under this regulation, no reference of such investigation should have been made.

61.     The Board was presented with but failed to consider Plaintiff's non-frivolous argument under Army Reg. 623-3 para. 3-23b (now Army Reg. 623-3 para. 3-19b).  Raters can only comment on investigations and courts-martial once these have been completed, but these comments are limited to the behavior that led to the court-martial.  The court-martial regarded events outside of Plaintiff's responsibilities to his Battalion and both raters stated that Plaintiff had performed above average as an officer during that period.  As such, there should have been no reference to the court-martial in Plaintiff's evaluation.

62.     The Board was presented with but failed to consider Plaintiff's non-frivolous argument under Army Reg. 623-3 para. 3-23c (now Army Reg. para. 3-19c). The restriction on unproven derogatory information is intended to avoid prejudicial information being included in a soldier's permanent file.  This regulation also looks to prevent prejudicial information from being included permanently in a soldier's file.  The comments in the October 2008 OER refer to actions of which Plaintiff was acquitted of in his court-martial.  If the OER remains in Plaintiff's record, it will undoubtedly continue to unjustly prejudice Plaintiff's character and career.

63.     The Board was presented with but failed to consider Plaintiff's non-frivolous

argument under Army Reg. 623-3 para 3-39e (now Army Reg. 3-36e) as an exception to para. 3-

39b.  A soldier's request to have an evaluation report in his permanent file be altered, withdrawn,

or replaced will not be honored.  However, an exception is granted when information that was

unknown of unverified when the report was prepared is brought to light and this information is

so significant that it would have resulted in a higher or lower evaluation had it been known or

verified when the report was prepared.  The raters did not have the findings of the court-martial

available at the time of submitting their evaluation report.  Furthermore, they have stated in their

letters of support that had they known that Plaintiff would be acquitted, they would not have

included the negative markings and comments.

64.     The Board was presented with but failed to consider Plaintiff's non-frivolous

argument under Army Reg. 623-3 para. 3-40 (now Army Reg. 3-37).  The raters became aware

of the acquittal of all of Plaintiff's charges after they had submitted their evaluation report to

HQDA.  They have stated that had they known this information prior to writing their report, they

would not have included the negative markings and comments.  Under this regulation, they

should take action to alter or remove the report and it is permitted for them to provide a

statement that can be used in the soldier's appeal.  Plaintiff has received such statements from

both raters supporting his appeal in order to avoid the subject evaluation report from being

unjustly prejudicial to his character and career.

### Count II

**The reasons the Board provided for denying Plaintiff's ABCMR reconsideration were arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, and contrary to law.**

65.     The allegations of the preceding paragraphs are incorporated by reference as if

fully set forth herein

66.     The ABCMR's decision was arbitrary, capricious, an abuse of discretion,

unsupported by substantial evidence, or contrary to law because the Board failed to adequately provide a rational connection between the facts of the case and their choice to deny Plaintiff's application.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

A)  Hold unlawful and set aside the ABCMR's August 2013 decision;

B)  Enter judgment in favor of Plaintiff on all counts;

C)  Remand the case back to the ABCMR for further action consistent with the Court's findings, decision, and order;

D)  Award Plaintiff attorneys' fees in accordance with the Equal Access to Justice Act (5 U.S.C. § 504; 28 U.S.C. § 2412); and

E)  Award such other relief as the court deems appropriate.

Respectfully submitted,

*/s/David P. Sheldon*
David P. Sheldon (DC Bar # 446039)
Law Offices of David P. Sheldon, P.L.L.C.
1100 New Jersey Avenue, SE, Suite 720
Washington, D.C.  20003
Tel: 202.546.9575
Fax: 202.546.0135
Attorney for Plaintiff